[See Case No. 13,813.]

## Case No. 13,815.

### TEASDALE v. The RAMBLER.

[1 Bee, 9.][2]

District Court, D. South Carolina. 1794.

PLEADING IN ADMIRALTY—PLEA TO JURISDICTION —HOW INTERPOSED.

A plea to the jurisdiction can only be interposed by the defendant himself in propriâ personâ. and on oath. No third person can be admitted to file such plea.

[Cited in Hutson v. Jordan, Case No. 6,959; Van Antwerp v. Hulburd, Id. 16,826.]

[Cited in brief in Fuller v. Bartlett, 41 Me. 263.]

In admiralty.

BEE, District Judge The matter to be determined is, whether a plea to the jurisdic-

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

[2] [Reported by Hon. Thomas Bee, District Judge.]

tion of this court can, consistently with its rules of practice, be filed by a third person, who calls himself an agent of the French republic. All the cases quoted, and some others that I have looked into, maintain that such a plea cannot be exhibited by an attorney, proctor, or solicitor; and the reason is assigned, viz. that as the party must ratify the act of the agent, he thereby admits the jurisdiction of the court in the first instance, and must exhibit his plea to the jurisdiction in propriâ personâ, and on oath.

In the present case, a libel has been filed against Edward Ballard, and a sloop and cargo, taken by him on the high seas, belonging to subjects of Great Britain, in amity with us. The libel charges that Ballard is a citizen of the United States; that his vessel was fitted out and is owned there, and that his crew are citizens of the United States: that the capture is therefore illegal, being contrary to the laws of neutrality and of nations. Ballard does not appear, and answer on oath to the charges in the libel, which, by the rules of the civil law, he is required to do; these charges, therefore, must be considered as true. But a third person, Sasportas, comes forward in behalf of the French republic, and of Capt. Ballard, and pleads to the jurisdiction, insisting that neither he nor Ballard is bound to appear, or answer the libel: First, because the vessel commanded by Ballard belongs to the French republic, and was fitted, armed, and commissioned by their authority. Secondly, that Ballard is a French citizen; but that, even if he were a citizen of the United States, he had a right to command this vessel for the benefit of France, and to capture prizes from her enemies.

Cases were produced to shew that any person may, in a court of civil law, interpose pleas and claims for others who are absent. This is true to a certain extent; and there would be a failure of justice if it were otherwise. But there is not a single instance of a plea to the jurisdiction interposed in this manner. The reason has been already assigned; the jurisdiction is admitted as soon as the act of the agent is ratified by the principal. At common law, this same consequence follows from filing the power of attorney. The actor in civil law courts, and the complainant in chancery is entitled to call for the oath of defendants, because it is otherwise difficult to get at a knowledge of the facts. To controvert this oath, there must be the evidence of two witnesses.

It is admitted that if the suit be in personam, the defendant alone can either plead, answer, or claim But it is said that if the suit be in rem, all persons may interpose a plea or claim, though they are not expressly named in the libel. Nobody, however, can answer, unless named in the libel. Sasportas, to justify his interposition in this case, exhibits a certificate from the French consul, authorizing him to comply with certain cus-

tomhouse requisites as to Ballard's prizes, of which the Rambler is one. He is further authorized by this paper to hold the proceeds at the disposal of the French republic, whose agent he is said therein to be. The certificate is dated eleven days after this suit was instituted, and when the property was in the hands of the marshal of this court. Letters of agency, or powers of attorney, are to be pursued strictly; and the one in question, authorizing only customhouse entries, can never be a warrant for defending this suit.

In the case of Jansen and Talbot, Ballard suffered his third default to be recorded, and relinquished thereby, all claim. Talbot, indeed, stated that he found the prize in Ballard's possession, and took it from him because he had no commission. Here, Ballard does not relinquish, but procures a third person to interpose a plea in his behalf, though he is, himself, on the spot, and has been duly served with process of the court.

Let Sasportas' plea be repelled with costs, as being brought forward by a person incompetent thereto.